Filed 6/27/13  P. v. Weir CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063067 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. MH107755; SCD241752; SCD241929; SCD242246) |
| ZACHARY L. WEIR, | |
| Defendant and Appellant. | |

APPEAL from a judgment and order of the Superior Court of San Diego County, Frederick Maguire, Judge.  Reversed and remanded.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, and Julie L. Garland, Deputy Attorney General, for Plaintiff and Respondent.

Three complaints, filed in July 2012, charged Zachary Weir with possessing cocaine (Health & Saf. Code, § 11350, subd. (a)); being under the influence of cocaine (Health & Saf. Code, § 11550, subd. (a)); resisting a peace officer (Pen. Code, § 148, subd. (a)(1));[1] giving false information to a peace officer (§ 148.9, subd. (a)); public intoxication (§ 647, subd. (f)); false personation (§ 529, subd. (a)(3)); using personal identifying information of another (§ 530.5, subd. (a)); three counts of burglary (§ 459); obtaining personal identifying information of 10 or more individuals with intent to defraud (§ 530.5, subd. (c)(3)); acquiring access cards of four or more persons (§ 484e, subd. (b)); and using an access card to defraud (§ 484g). The complaints alleged Weir had served a prior prison term (§ 667.5, subd. (b)).

On August 9, 2012, the court suspended criminal proceedings and ordered a mental competency examination of Weir (§ 1368). On September 25, psychiatrist Michael Takamura attempted to examine Weir, who refused to be examined. Dr. Takamura reviewed Weir's medical records and concluded he suffered from a severe mental disorder and was likely not competent to stand trial.

On October 10, 2012, Weir's counsel stipulated to Dr. Takamura's qualifications. Over Weir's repeated personal objections, the court found, based on Dr. Takamura's report, Weir was not mentally competent to stand trial and lacked capacity to make a decision regarding the antipsychotic medication he needed. The court entered a judgment of mental incompetency, authorized the involuntary administration of antipsychotic

---

[1] Further statutory references are to the Penal Code.

medication and ordered Weir committed to Patton State Hospital for a maximum term of three years.

Weir appeals, contending the court erred by not appointing a second medical expert to evaluate him. The People properly concede the point. The court is required to appoint a second examining psychiatrist or psychologist "[i]n any case where the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence." (§ 1369, subd. (a).) We reverse the judgment of mental incompetency and remand the matter for further proceedings.

Weir also contends the authorization for involuntary administration of antipsychotic medication lacks factual findings and evidentiary support. This contention is moot. On May 16, 2013, this court issued a writ of mandate directing the superior court to vacate that portion of its October 10, 2012, order authorizing the involuntary administration of antipsychotic medication, and to set the matter for further hearing.

DISPOSITION

The judgment of mental incompetency and the order of commitment are reversed and the matter is remanded for further proceedings.


McDONALD, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.

3